Pearson *vs.* The State of Georgia.

---

JONATHAN PEARSON, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. On the question whether the prisoner knew a certain grant uttered by him was impressed with a forged and counterfeit great seal, it was error to charge the jury, " that if the evidence showed he was a land-trader that was a circumstance they had a right to look to, as a land-trader who handled a thousand grants would be more likely to know a counterfeit grant and seal than a man who only occasionally saw one "—there being no evidence that the prisoner had ever seen any grant except the one uttered, and no evidence that he was a land-trader, except that he sold the tract to which that grant purported to apply, and the further testimony of the pur-

chaser, that he regarded him as a land-trader but did not positively know his business.

2. Neither the existence of a genuine grant, nor the public record of it, is evidence that the utterer of a forged grant, bearing a different date, and purporting to convey the same tract of land from the state to a person other than the utterer, knew that the forged grant was a forgery, it not appearing that he had any knowledge, information or belief, touching the genuine grant or its record. Constructive notice by a public record is no substitute for actual notice in establishing the scienter requisite to criminal intention.

Criminal law. Counterfeiting. Grants. Evidence. Notice. Before Judge WRIGHT. Appling Superior Court. September Term, 1875.

An indictment was found against Pearson charging him with counterfeiting "an impression on wax of the great seal of the state;" also, with uttering a forged impression of the great seal of the state by attaching the same to a certain plat and grant purporting to be from the state, when he knew to the contrary. The defendant pleaded not guilty. The evidence showed that the defendant sold a lot of land to one Overstreet, and as the foundation of the title to the same, transferred to such purchaser what purported to be a grant from the state of Georgia, with the great seal attached, to Morris Murphy, of date November 16th, 1837. That the seal annexed thereto was counterfeit. That a genuine grant to the same lot was issued to Josiah Sibly on July 5th, 1849. That the grant with the counterfeit seal was passed to Overstreet by the defendant as genuine.

There was no testimony showing that the defendant had ever seen any such grant except the one uttered by him, or that he was a land-trader except the fact of the sale by him of the lot above referred to, and the statement of Overstreet that he did not positively know his business, but regarded him as a land-trader.

The court charged the jury as follows:

1st. "While it is incumbent upon the state to prove that the defendant, at the time he uttered the seal charged to be counterfeit, knew that it was a counterfeit, still they had the right

to look into all the surrounding circumstances shown by the evidence, to see if he knew this fact. If the evidence showed he was a land-trader, that was a circumstance they might look to, as a land-trader who handled a thousand grants, would be more likely to know a counterfeit grant and seal than a man who only occasionally saw one."

2d. "Grants issued by the state are matters of public record and it is notice to all parties when they were issued. If the jury should find from an inspection of the grant in evidence claimed to be genuine, that at the time the defendant traded or uttered the grant and seal charged to be counterfeit, a genuine grant had been issued to the land, this was another circumstance that the jury could consider in determining whether the defendant knew that the seal was a counterfeit or not."

The jury found the defendant guilty. A motion for a new trial was made because the verdict was contrary to law and evidence, and because of error in each of the aforesaid charges.

The motion was overruled and the defendant excepted.

G. J. Holton; A. H. Smith, by John Milledge, for plaintiff in error.

S. W. Hitch, solicitor general; Z. D. Harrison, for the state.

Bleckley, Judge.

1. What the witness said in reference to land-trader was not enough to amount either to a fact, or to an opinion with a reason for it. That he regarded the prisoner as a land-trader, should not have weighed with the jury in the least. It was absolutely irrelevant and worthless. It was no legal basis for any charge from the court on the subject whatever, much less would it justify the example, put for illustration, of a trader who "handled a thousand grants."

2. That there was a genuine grant, with a record of it in the proper office, did not go to charge the prisoner with

knowledge that the spurious grant he uttered was a forgery, unless there had been evidence tending to show the further fact, that he had some actual knowledge, information, or belief, that the former grant, or the record of it, was, or had been, in existence. A person cannot be convicted of a crime by bare construction. If a man marry another man's wife, and is indicted for it, can the jury infer that he knew of her former marriage because it was duly recorded and the public record of it was accessible to his diligence? Surely not. The people are not required to search the archives of the state at the peril of being presumed to know all they contain.

Judgment reversed.